OPINION JUSTICE DONOHUE In this appeal, we are asked to determine whether access to public information available pursuant to section 614 of the Administrative Code of ■ 1929, 71 P.S. § 234, is governed by the Right-to-Know Law (“RTKL”), 65 P.S. §§ 67.101-67.3104. We conclude that the RTKL governs the method of access to section 614 information, but that the exceptions to disclosure under the RTKL, 65 P.S. § 37.708, do not apply to permit redactions from otherwise available information. Before disclosing any section 614 information, however, the State Treasurer must perform the balancing test set forth in Pa. State Educ. Ass’n v. Commonwealth, Dep’t of Cmty. & Econ. Dev., 637 Pa. 337, 148 A.3d 142 (2016) (“PSEA ”), to ensure that disclosures of personal information do not violate any individual’s rights of informational privacy under Article 1, Section 1 of the Pennsylvania Constitution. In 1957, the General Assembly -codified the common law right to inspect public records by enacting the Right-to-Know Act (“RTKA”), 65 P.S. §§ 66.1-66.9 (repealed), to provide public access to public records. Wiley v. Woods, 393 Pa. 341, 141 A.2d 844, 848 (1958). Section 1(2) of the RTKA provided that “public records” consisted of (1) any account, voucher or contract dealing ■with the receipt or disbursement of funds by an agency or its acquisition, use or disposal of services or of supplies, materials, equipment or other property,, or (2) any minute, order or decision by an agency fixing the personal or property rights, privileges,-' immunities, duties or . obligations of any person or group of persons. N. Hills News Record v. Town of McCandless, 555 Pa. 51, 722 A.2d 1037, 1038 (1999) (citing 65 P.S.- § 66.1(2) (repealed)). Section 1(2) further provided, however, that the term “public record” did not include any document that qualified under one of the four exceptions to disclosure, including, inter alia, any document that “would operate to the prejudice or impairment of a person’s reputation or personal security.” 65 P.S. § 66.1(2). (repealed). Section 2 of the RTKA provided that “every public record of an agency shall, at reasonable times, be open for examination and inspection by any citizen of the Commonwealth of Pennsylvania.” 65 P.S. § 66.2 (repealed). Section 3 further provided citizens with the right to take extracts or make copies, photographs or photostats of public records.[1] 65 P.S. §§ 66.3 (repealed). The responding agency was under no time limit to provide access, and the citizen’s only recourse upon a denial was to take an appeal in court. 65 P.S. § 66.4 (repealed). The Administrative Code of 1929 applies to executive and administrative work performed by the Executive Department, the Executive Board, the Pennsylvania State Police and administrative departments, boards and commissions.[2] Its section 603, originally enacted in 1929 and amended in 1931, required all administrative departments, boards and commissions to transmit to the Auditor General, Budget Secretary and State Treasurer a list .of the names of all employees as well as their position, date of birth, voting residence, salary, appointment date, whether he/she was continuously employed, periods of .service and positions held.[3] Act of April 9, 1929, P.L. 177, as amended, 71 P.S. § 223, repealed by the Act of September 27,1978, P.L. 775, No. 149, § 2. Section .603 indicated that all of the data provided was public information, but did not state the manner by which it was accessible by the public. In 1976, the Governor’s Office promulgated an administrative regulation to provide access to information produced pursuant to section 603, and required that said information be made accessible, pursuant to section 3 of the RTKA,[4] at the State Library in Harrisburg during regular business hours, without written request. 6 Pennsylvania Bulletin 3148 (December 6, 1976). Administrative Regulation 7.201 provides: Under section 3 of the act of June 21, 1957 (P. L. 390, No. 212) (66 P. -S. §■ 66.3) [the RTKA], a list of salaried employes under the jurisdiction of the Governor, having been declared public information by-, section 603 of The Administrative Code of .1929 (71 P.S. § 223),- will be made accessible to citizens of the Commonwealth as follows: (1) The list shall be available, without written request, during regular business hours' at the Government Publications - Section, State Library, Room 116 Education.. Building, - Commonwealth Avenue and South Drive, Harrisburg, Pennsylvania 17120. (2) A citizen of the Commonwealth may inspect, .extract, photograph or copy all or any part of -the list. Rules of the State- Library as- to access, copying1 and charges for copying will apply. 1 - 4 Pa. Code § 7.201 (“Regulation 7.201”). In 1978, the General Assembly'simultaneously repealed section 603 of the Administrative Code and enacted séction 614 to replace it. 71 P.S. § 234. Section 614 directs that all administrativé departments, boards, and commissions provide to the Auditor General, the State Treasurer and the Secretary of the Budget (“State Officers”) a list (“the List”) of the names of all of their employees as well as position, date of birth, voting residence, salary, date of entry into employment (and whether such service has been continuous), and periods of services and all positions held as a Commonwealth employee. 71 P.S. § 234(a). Section 614 further requires that a “computer tape” of the List shall be sent to the Legislative Data Processing Center. 71 P.S. § 234(a.l). As originally enacted, section 614 directed that all of the information on the List “shall be public information,” but a 2002 amendment modified this provision [5] to indicate that information identifying the voting residence “shall not be public information and may not be treated as such.” 71 P.S. § 234(c). The full text of section 614 now states: (a) All administrative departments, boards, and commissions and the Attorney General shall on July 15 of each year, transmit to the Auditor General, the State Treasurer and Secretary of the Budget a complete list, and to the Legislative Data Processing Center a computer tape of such list, as of July 1 preceding, of the names of all persons, except day-laborers, entitled to receive compensation from the Commonwealth for services rendered in or to the department, board, or commission, as the case may be. Such list shall show for each such person the position occupied, the date of birth, county of residence, voting residence, the salary at which or other basis upon which such person is entitled to be.paid, the date of entry into the service of the Commonwealth, whether such person has been continuously employed by the Commonwealth since that date, and all periods of service and positions held as an employe of the Commonwealth, or such part of such information related to previous service and positions as the Governor may prescribe. (a.l) The Auditor General and the State Treasurer shall on July 15 of each year transmit to the Secretary of the Budget a complete list, and to the Legislative Data Processing Center a computer tape of such list, as of July 1 preceding, of the names of all persons, except day-laborers, entitled to receive compensation from the Commonwealth for services rendered in or to the Auditor General or the State Treasurer, as the case may be. Such list shall show the position occupied by each such person, the date of birth and voting residence of such person, the salary at which or other basis upon which such person is entitled to be paid, the date when such person entered the service of the Commonwealth, whether such person has been continuously employed by the Commonwealth since that date, and all periods of service and positions held as an employe of the Commonwealth. (b) No later than the 15th of each month thereafter, the Attorney General, the heads of the several administrative departments, and the several independent administrative boards and commissions, shall certify to the Auditor General, the State Treasurer and the Secretary of the Budget any changes in the annual list of employes last transmitted to them which shall have occurred during the preceding month and shall provide to the Legislative Data Processing Center a computer tape of such changes. (b.l) No later than the 15th of each month thereafter, the Auditor General and the State Treasurer shall certify to the Secretary of the Budget any changes in the annual list of employes last transmitted to them which shall have occurred during the preceding month and shall provide to the Legislative Data Processing Center a computer tape of such changes. (c) The information received by the Auditor General, the State Treasurer and the Secretary of the Budget, under this section, shall be public information,, except that the information identifying the voting residence of the persons employed by the Commonwealth shali not be public information and may not be treated as such. 71 P.S. § 234. -In 2002, the RTKA was substantially overhauled by the Act of June 29, 2002, P.L. 663 (repealed),[6] and as part of that process, its section 3 (upon which Regulation 7.201 was based) was repealed. Section 66.2 replaced section 3 as part of new set of procedures to be followed for obtaining access to public records. Bowling v. Office of Open Records, 621 Pa. 133, 76 A.3d 453, 455 (2013). Rather than making public documents available to “citizens” to take extracts or make copies, photographs or photostats, as had been the case with the prior section 3, section 66.2(a) provided that public records were accessible to “a requester” in the medium requested (if it existed in that medium), or, if it did not, then in the medium in which it existed. 65 P.S. § 66.2(a) (repealed). Sections 66.2(d) and (f) provided that agencies could make public records available through publicly accessible electronic means, or, upon request, could convert those public records to paper. 65 P.S. § 66.2(d), (f) (repealed). The revamped RTKA also set forth administrative procedures pursuant to which agencies were required to respond to requests in five days (for Commonwealth agencies) or ten days (for non-Commonwealth agencies), with an additional thirty days available in some circumstances. 65 P.S. § 66.3-3(a) (repealed). A requester could file exceptions with the agency head within 15 days, could expect a final decision 30 days later, and then had 30 days to-file an appeal in court. 65 P.S. §§ 66.3-5, 66.4 (repealed). Pursuant to section 66.2(b), however, these remedied were only available when requesters initiated such relief in writing. 65 P.S. § 66.2(b) (repealed). In 2009, the RTKA was replaced in its entirety by the RTKL. The RTKL defines a “public record” as any record that is (1) not subject to one of the thirty exceptions to access in section 67.708, 65 P.S. § 67.708, (2) not exempt from being disclosed under any other. Federal or State law or regulation or judicial order or decree, or (3) not protected by a privilege. 65 P.S. § 102. Prior section 66.2 of the RTKA, including its subparts, was replaced, without substantial modification, by sections- 67.701-705. Like prior section 66.2(a), agencies can produce requested public records in the medium that is requested if they existed in that medium, or; if they did not, in the medium in which they do exist. 65 P.S. § 701(a). Agencies may also make public records available through any publicly available electronic means, or, if the requester is unwilling or unable to access the record electronically, they will be converted to paper. 65 P.S. § 704. Also, the RTKL requires that requests must be in writing in order for the requester to avail himself or herself to relief or remedies for agency non-compliance. 65 P.S. § 702. The RTKL acknowledges that it is not the only law that may designate the public nature-of . a record. Section 306 provides that “[n]othing in this act shall supersede or modify the public or nonpublic nature of a record or document established in Federal or State law, regulation or judicial order or decree.” 65 P.S. § 67.305. Moreover-, section 3101.1 states that, “[i]f the provisions of [the RTKL] regarding access to records conflict with any other State law, the provisions'of [the RTKL]' shall not apply.” 65 P.S. § 67.3101.1. With this background in mind, we now turn to the facts underlying the present appeal. On January 15, 2014, th'en-Trea-surer Robert McCord[7] received-a letter from Appellees, Pennsylvanians for Union Reform (“PFUR”), demanding production of the List. - PFUR’s letter stated that “this is not a request pursuant to the [RTKL],” but that instead, “[t]his is a request for the public information which is-mandated'to be available from your office under Section 614 of the Administrative Code of 1929 (“List of Employes to be Furnished to Certain State Officers”).” See Amended Complaint in Nature of Action for Declaratory and Injunctive Relief, 3/11/2014, at Exhibit 2'(emphasis in original).- PFUR further demanded that the List be provided “in manipulablé database format,” and that “only a person’s voting residence may be redacted and all other information is affirmatively deemed to be public without exception.” Id. On January 22, 2014, the Treasurer replied that he considered PFUR’s demand to be a request under the RTKL and would proceed accordingly. PFUR objected to application of the RTKL, and the Treasurer filed a petition for review in the nature' of an action for declaratory. and injunctive relief in the Commonwealth Court’s original jurisdiction. The Treasurer alleged that the List contains information that he believes is exempt from public disclosure under the RTKL and the Pennsylvania Web'Accountability and Transparency Act (“PennWATCH Act”).[8] The Treasurer asserted that he was not willing to take any action that would place the personal or physical security of public employees at risk or otherwise publicize confidential information.[9] The Treasurer sought judicial' declarations that: (1) all requests for public' records to 'Commonwealth agencies, including records identified as public pursuant to the Administrative Code, are to be provided in accordance with the RTKL and/or the PennWATCH Act'; and (2) the exceptions in the RTKL are applicable to all requésts for public records, including records identified as public information under the Administrative Code. The Treasurer also sought injunctive relief, seeking to enjoin PFUR from taking any action that would prevent or prohibit the Treasurer from responding to any request for public records in accordance with the RTKL. Several labor unions (“Unions”)[10] successfully sought leave to intervene, averring that they represent the employees whose personal information is being sought by PFUR. PFUR filed preliminary objections in the nature of a demurrer,.It argued that the Treasurer failed to state a claim for relief because the RTKL, per its section 67.306, cannot modify the public nature of the List. PFUR further contended that the RTKL’s exemptions conflict with the express language of section 614, declaring that , the List is “public information” and therefore, pursuant to section 67.3101.1, the RTKL does not apply to the List. The Commonwealth Court overruled the preliminary objections and directed PFUR to file an answer. McCord v. Pennsylvania ans for Union Reform, 100 A.3d 755 (Pa. Commw. 2014) (“McCord P). The Commonwealth Court found that the List was potentially subject to redaction pursuant to the RTKL law, and that, accordingly, the Treasurer had stated a cause of action against PFUR in declaratory judgment. Id. at 763. Relying on its decision in Department of Labor & Industry v. Heltzel, 90 A.3d 823 (Pa. Commw. 2014) (en banc),[11] the Commonwealth Court found that because the public nature of the List is established in section 614, what the RTKL specifies as “public or nonpublic” appears to be inapplicable. McCord I, 100 A.3d at 762. In this regard, the court in McCord I made a distinction between the public nature of the list, as opposed to the public’s right to access to the list. Id. Section 614 establishes the public nature of the List, but not the availability of access;. The- same cannot necessarily be said about the public’s access -to the List information. “Conflicts as- to public access ... are governed by Section 3101.1 of the RTKL.” Heltzel, 90 A.3d at 832. Thus, if it were to be determined that the RTKL’s access provisions conflicted with Section -614 ‘ of the Administrative Code, the RTKL would not apply. However, as the State Treasurer pointed out in his Amended Complaint, “the Administrative Code is silent as to the manner in which public information is obtained.... ” Amended Complaint at ¶ 47. Further, Section 701(a) of the RTKL provides in pertinent part: “Unless otherwise provided by law,'a public record ... shall be accessible ... in accordance with [the RTKL].” 65 P.S. § 67.701(a). Arguably, since Section 614 of the Administrative Code does not address public access to the List, it may be found not to conflict with the RTKL’s access' provisions and, therefore, the RTKL’s access provisions, including its statutory exemptions, could apply. Id. McCord I did not consider Regulation 7.201 in its analysis of the issues. On October 14, 2014, PFUR filed an answer, new matter and counterclaim. In its counterclaim, PFUR sought mandamus relief to compel the Treasurer to comply with its statutory duty to supply the List to PFUR in unredacted form as prescribed by section 614. PFUR also filed a third-party complaint joining ■ the GOA as an additional defendant, taking issue with the GOA’s Management Directive 505.18, which changed the way the List was defined and disseminated in order “to reflect compliance with the [RTKL] requirements ....” Management Directive No. 505.18, 7/26/2010 (amended on 5/29/2012), at l.[12] PFUR claimed that the GOA had no authority to substitute the mandates of section 614 with a management directive and asked the Commonwealth. Court for a judgment in mandamus compelling the GOA to comply with section 614’s requirement to supply the List, with all of the information described in section 614, to the State Officers. After pleadings were closed, the Treasurer moved for partial judgment on the pleadings, seeking the declaratory and injunctive relief sought in its complaint. In response, the Commonwealth Court denied.partial judgment on the pleadings and dismissed the Treasurer’s request for injunctive relief. McCord v. Pennsylvanians for Union Reform, 136 A.3d 1055 (Pa. Commw. 2016), (‘McCord II ”). The Commonwealth Court determined that, as a matter of law, the List required by section 614 is not subject to redaction under the RTKL. To reach this conclusion, it observed that the RTKL does not automatically apply to every type of record request. Id. at 1063 (citing Pennsylvania Gaming Control Bd. v. Office of Open Records (Schneller), 628 Pa. 163, 103 A.3d 1276 (2014)). Although both of the statutory* provisions referenced in Regulation 7.201 (section 603 of the Administrative Code and section 3 of the RTKA) have been repealed, the Commonwealth Court nevertheless held that it remains in effect and continues to provide the mechanism for public access to the List. With respect to section 603, the Commonwealth Court held that because this provision is silent with respect to the means of public access, Regulation 7.201 “filled in” to provide public access. McCord II, 136 A.3d at 1065. When the General Assembly repealed section 603 and replaced it with section 614 in 1978, the Commonwealth Court insisted that this legislative action had no effect on the continued applicability of Regulation 7.201. Id. Instead, the Commonwealth Court decided to “read” Regulation 7.201 as containing a reference to section 614 rather than to section 603, even though section 614 had been enacted nearly forty years ago and the regulation has never been amended to incorporate the change. The Commonwealth Court held, without further explanation or elaboration, that in accordance with section 614, “[p]ursuant to [section 7.201], the List continued to be available for public inspection and copying at the State Library without a written request.” Id. With respect to the repeal of section 3 of the RTKA, however, the Commonwealth Court took a different approach. Rather than “replacing” the reference to section 3 of the RTKA with a reference to a corresponding provision in the RTKL, the court instead omitted the reference to the RTKA altogether. According to the Commonwealth Court, eliminating the reference to the RTKA “did not change the substance of [Regulation 7.201.]” McCord II, 136 A.3d at 1065-66. In support of this approach, the Commonwealth Court cited to section 21.32 of the Legislative Reference Bureau’s regulations, which provides, “When drafting a revision which encompasses prior statutory provisions which have been supplied and hence repealed by a subsequent general statute, the superseded language is omitted.” 101 Pa. Code § 21.32. The Commonwealth Court also cited to section 1956 of the Statutory Construction Act, which states that the “repeal of an amendatory statute does not revive the corresponding provision or section of the original statute or of any prior amendment.” 1 Pa. C.S. § 1956. In sum, then, the Commonwealth Court concluded that Regulation 7.201 remained in effect to provide access to the section 614 List, despite the repeal of the statutory provisions it was enacted to effectuate. Id. at 1066. The List remained available, pursuant to Regulation 7.201, for public inspection and copying at the State Library, without written request or other limitation by the RTKL. Id. Because Regulation 7.201 provided access to the List, the terms of the RTKL could not apply, since per section 3101.1 of the RTKL (“[i]f the provisions of th[e RTKL] regarding access to records conflict with any other ... State law, the provisions of th[e RTKL] shall not apply.”). Id. Based on this conclusion, the Commonwealth Court denied the Treasurer’s requested relief.[13] Id. at 1069. The Treasurer, GOA and Unions appealed from the Commonwealth Court’s order denying injunctive relief. The GOA also filed a petition for review asking for a grant of appeal with respect to the denial of its claim for declaratory relief. Reese v. PFUR, 82 MM 2016 (June 14, 2016). On November 10, 2016, this Court granted the petition for review and consolidated it with the instant appeals. Both appeals ask us to resolve whether the List is accessible to the public pursuant to the terms of the RTKL. Treasurer’s Brief at 5; GOA’s Brief at 4. Implicit in their arguments is the question of whether the exceptions to public disclosure in section 67.708 of the RTKL apply to public dissemination of the List. These are purely legal issues, over which we exercise a de novo standard of review and a plenary scope of review. Bowling, 75 A.3d at 466. The thrust of the Treasurer’s argument is twofold. First, the Treasurer contends that Regulation 7.201 contains no protections against the release of confidential information and thus its continued application results in violations of Commonwealth employees’ rights to informational privacy. Treasurer’s Supplemental Brief at 10.[14] In this Court’s recent decision in PSEA, we reaffirmed the rights of public employees to informational privacy, as guaranteed by Article I, Section 1 of our Constitution, and the .Treasurer insists that any release of personal information requires a balancing. of the individual privacy rights of the individual employees against the public benefits of disclosure as provided in PSEA. Id. at 3. Second, the Treasurer argues that because section 614 does not contain an access provision, the terms of the RTKL must govern such access. Treasurer’s Brief at 19-20. The Treasurer contends that section 614 and the RTKL have overlapping purposes, in that they both pertain to the disclosure of government information to the public; and therefore, pursuant to the doctrine of in pari materia construction of statutes, section 614 must be viewed through the lens of the RTKL’s provisions. Id. at 22-23! Thus, according to the Treasurer, the RTKL’s exemption provisions augment section 614, which makes no allowances for the possible disclosure of confidential information. Id. at 24. Threats of modern life, such as identify theft and cyberstalking, did not exist when section 614 was enacted in 1978, • the Treasurer points out, and since that time, both the General Assembly and the courts have recognized the existence of such dangers and the necessity to protect certain information. Id. at 31-32. The Treasurer also assails the Commonwealth Court’s reliance on Regulation 7.201, as the statutory provisions the regulation was enacted to effectuate have been repealed. Id. at 33-34. Failing to read these statutes together leads to an absurd result, according to the Treasurer, because it allows information that our General Assembly has determined to be confidential because of the threat of a safety or security risk by the RTKL to be obtained by an end-run around the statute. Id. at 35. The GOA likewise argues that this Court’s decision in PSEA necessitates the balancing of personal privacy rights against the public, interest in disclosure. GOA’s Supplemental Brief at 4. Moreover, GOA insists that Commonwealth employees have a reasonable, subjective expectation that certain information required by section 614 to be included on the List will not be disclosed to the public, and that no countervailing public interest in the disclosure of such information exists. Id. Alternatively,' the GOA asserts that the Commonwealth Court’s decision creates an absurd result, as McCord I, rather than McCord II, correctly analyzed the interplay between' section 614 and the RTKL. GOA’s Brief át 15-17. According to the GOA, McCord I, unlike McCord II, recognized the important distinction between the public nature of the List and the mechanism for public access to it. Id. at 15 — 221 Section 614 establishes the public nature of the List by declaring it “pub-lie information” (with the exception of voting residences), but is silent with respect to the method of public access. Id. at 21. Regulation 7.201, upon which PFUR bases its entitlement to access, however, is also silent with respect to the section 614 List, as it only provides a method for obtaining information under the now repealed section 603. Id. As a result, the GOA insists that there is no conflict between section 614 and the RTKL, and thus the RTKL exceptions in its section 67.708 must apply to the List. Id. Finally, the GOA rebuffs .the Commonwealth Court’s attempt to rely on Regulation 7.201 by pointing out its hypocrisy in reading the reference to repealed section 3 of the RTKA out of the regulation, but simultaneously ignoring the repeal of section 603 of the Administrative Code. Id. at 20-21. Conversely, PFUR argues that section 614 serves an important public interest in identifying those individuals who work for;, and receive public funds from, the Commonwealth, and that this purpose outweighs any right of privacy that Commonwealth employees may have.[15] PFUR’s Supplemental Brief at 2. Accordingly, PFUR argues that PSEA has no applicability in this area, and that the Treasurer (and the Union, intervenors) should not be permitted to use the RTKL as a means to delay access, to information that, section 614 designates as public information. Id. According to PFUR, no part of the RTKL can apply to a request made pursuant to section 614. PFUR’s Brief at 14-16, 24-26. In PFUR’s view, the Commonwealth Court did not need to consider whether the Administrative Code permitted access to the List; rather, the designation of the List as public information was sufficient to conclude that the RTKL’s provisions do not apply. Id. at 25-26. In the alternative, PFUR argues that the- Commonwealth Court was correct in its determination that Regulation 7.201 provides for access to the List, and as such, precludes the application of any limitation contained in the RTKL. Id. at 29. Notably, PFUR adopts the Commonwealth Court’s reasoning that the reference to section 3 of the RTKA in Regulation 7.201 was “effectively eliminated” by its repeal in 2002. Id. at 30. We begin our analysis by considering whether Regulation 7.201, which was originally promulgated by the GOA in 1976, retains any force and effect, or is, as the GOA describes it, “obsolete.” GOA’s Brief at 20. To reiterate, Regulation 7.201 provides as follows: Under section 3 of the act of June 21, 1957 (P. L. 390, No. 212) (65 P.S. § 66.3) [the RTKA], a list of salaried employes under the jurisdiction of the Governor, having been declared public information by section 603 of The Administrative Code of 1929 (71 P.S. § 223), will be made accessible to citizens of the Commonwealth as follows: (1) The list shall be available, without written request, during regular business hours at the Government Publications Section, State Library, Room 116 Education Building, Commonwealth Avenue and South Drive, Harrisburg, Pennsylvania 17120. (2) A citizen of the ‘ Commonwealth may inspect, extract, photograph or copy all or any part of the list. Rules of the- State Library as to access, copying and charges for'copying will apply. 4 Pa. Code § 7.201. In addition, section 3 of the pre-2002 RTKA states: Any citizen of the Commonwealth of Pennsylvania shall have the right to take extracts or make copies of public records and to make photographs or photostats of the same while such records are in the possession, custody and control of the lawful custodian thereof or his authorized deputy. 65 P.S. §§ 66.3 (repealed). As indicated above, section 3 was repealed as part of the substantial revisions to the RTKA in 2002. Viewing the two provisions together, we must conclude that the Commonwealth Court’s decision in McCord II that repeal of section 3 of the pre-2002 RTKA “did not change the substance of [Regulation 7.201]” was incorrect. By declaring that the information on the List is “public information,” section 603 (and, later, section 614) have statutorily established the public nature of the List. 71 P.S. § 234(c). But section 603 (and, later, section 614) provided no statutory mechanism, or method, for the public to gain access to the List. Section 3 of the pre-2002 RTKA provided the statutory authority for the promulgation of Regulation 7.201, which offers a mechanism for public access. Pursuant to section 2, “every public record” was “open for examination and inspection by any citizen of the Commonwealth of Pennsylvania,” 65 P.S. § 66.2 (repealed), and thus, pursuant to section 3, all citizens could access the public records and “take extracts or make copies, photographs or photostats of public records.” 65 P.S. § 66.3 (repealed). With the statutory authority provided by the pre-2002 RTKA, Regulation 7.201 merely identified a particular location (the State Library in Harrisburg) where citizens could view the List and take extracts of and/or duplicate the List. Accordingly, as a result of the repeal of section 3 of the RTKA in 2002, Regulation 7.201 thereafter lacked any statutory authority.[16] Administrative regulations carry into effect the will of the General Assembly as expressed by statute, Firemen’s Relief Ass’n of Washington v. Minehart, 430 Pa. 66, 241 A.2d 745, 747 (1968); Wyland v. W. Shore Sch. Dist., 52 A.3d 572, 582 (Pa. Commw. 2012), and absent any continuing statutory authority, they lose force and effect. Moreover, and importantly, neither the post-2002 RTKA nor the RTKL provide any statutory authority for sustaining Regulation 7.201, as the access provisions for public records in those statutory schemes are fundamentally inconsistent with those in section 3 of the pre-2002 RTKA. For example, rather than having public records “open” for examination at an agency’s office (or the State Library) and granting every citizen the right to inspect them, take extracts or make duplicates, the post-2002 access provisions make public records available to a specific “requester”[17] who makes a request for particular public records. 65 P.S. § 66.2(a) (repealed); 65 P.S. § 67.701(a). Moreover, while state agencies may fulfill verbal requests, a requester may not pursue any relief or remedy if the agency denies access unless the request is in writing. 65 P.S. § 66.2(b) (repealed); 65 P.S. § 67.702.[18] Written requests must be sufficiently specific to enable the agency to ascertain the particular public records that are being requested, and the requester must include the name and address to whom the agency should direct its response. 65 P.S. § 66.2(c) (repealed); 65 P.S. § 67.703. Agencies may make their public records available through any publicly available electronic means, and will thereafter be required to convert them to paper upon the specific request óf the requester. 65 P.S. § 66.2(d), (f) (repealed); 65 P.S. § 67.704. In short, the post-2002 RTKA and the current RTKL provide a substantially different mechanism for Pennsylvania residents to gain access to public records than did the pre-2002 RTKA. PFUR’s contention that Regulation 7.201, rather than the RTKL, provides the mechanism for obtaining public access to the List must be rejected, as the method for access prescribed in that regulation (i.e., that the List may be accessed at the State Library without a written request) is both outdated and (with the repeal of section 3 of the pre-2002 RTKA) lacks any continuing statutory authority. The Treasurer thus has no obligation to deposit the List at the State Library for general access by the citizenry. Because Regulation 7.201 no longer has any continuing force and effect, the access provisions of the RTKL, including sections 67.701 through 67.705,.must now guide and control public access to the List. Section 67.701(a) of the RTKL provides, “Unless otherwise provided by law, a public record ... shall be accessible for inspection and duplication in accordance -with this act.” 65 P.S. § 67.701(a). Section 614 of the Administrative Code, pursuant to which the List is created and maintained, is silent with respect to the mechanism for public access, and therefore access to the List is not “otherwise provided hy law.” The ultimate issue presented in this appeal, however, is not whether public access to the List is to be provided by Regulation 7.201 or instead under the RTKL. PFUR’s advocacy in favor of the application of Regulation 7.201 does not result from its desire to access the List at the State Library, but' rather from its strong motivation to obtain access to the List without any redactions[19] in aecor-dance with .the, RTKL’s exceptions from disclosure in section 67.708, 66 P.S. § 67.708. .Accordingly, we must determine whether the Treasurer, when providing public access to the . List pursuant to the RTKL’s access provisions, may redact information, on. the List by application of any or all of the RTKL’s thirty exceptions to access.[20] Based upon our review of the relevant provisions of section 614 and the RTKL, we conclude that the Treasurer may not redact the List by application of the section 67.708 exclusions. Subsection (c) of section 614 provides that the information on the List “shall be public information.”[21] 71 P.S. § 234(c)'. Moreover, section 67.706 of the RTKL states that “[n]othing in this act shall supersede or modify the public or nonpublic , nature of a record or document established in Federal or State law, regulation or judicial order or decree.” 65 P.S. § 67.306. Application of the section 67.708 exceptions to access to information on the List would violate section 67.306, as it would “supersede or modify” the, public nature of the information on the List established by the General Assembly in section 614. The RTKL defines a “public record,” in relevant part, as any record[22] of a Commonwealth agency that “is not exempt under section 708,” 65 P.S. § 67.102. Thus, if the exceptions to access in section 67.708 could be applied to the public information on the List, the result would be that the public nature of certain information on the List would not remain public. Instead, the information to be excepted from access would constitute a “record,” but not a “public record,” under the RTKL. The public information on the List, by application of a section 67.708 exception, would be effectively converted to non-public information, directly contrary to the General Assembly’s specifically expressed intention in section 67.306 of the RTKL. While the Treasurer may not rely on the statutory provisions- of section 67.708 to make redactions to the List, constitutional considerations may necessitate that he do so. In PSEA, this Court examined Pennsylvania’s constitutional protections for informational- privacy and the scope of the “personal security” exception in section 67.708 of the RTKL. 66 P.S. § 67.708(b)(l)(ii). Reviewing numerous pri- or decisions of both this Court and our intermediate appellate courts, we reaffirmed that the citizens of this Commonwealth, pursuant to Article I, Section 1 -of the Pennsylvania Constitution, have a right to informational privacy, namely the right of an individual to control access to, and dissemination of, personal information about himself or herself. PSEA, 148 A.3d at 150. Accordingly, we ruled that before the government may release personal information,, it must first conduct a balancing test to determine whether the right of informational privacy outweighs the public’s interest in dissemination. Id. at 144. In so ruling, we were clear that while this balancing test has typically been located in the “personal security” exemption of the RTKA (and later in the RTKL), it is not a statutory, but rather a constitutional requirement, and it is required even in the absence of any statutory requirement. Id. at 156. As such, the PSEA balancing test is applicable to all government disclosures of personal information, including those not mandated by the RTKL or another statute. Accordingly, while we have ruled that the Treasurer may not redact, information on the List by application of the exceptions from disclosure under the RTKL, Article I, Section 1 of our Constitution dictates that the Treasurer perform the PSEA balancing test with respect to all of the information on the List before it is disseminated to the public (via the-access provisions of the RTKL). Pennsylvania courts are obliged to construe statutory enactments as consistent with the 'Pennsylvania Constitution, and we must presume that the General Assembly did not intend to violate the Constitution of this Commonwealth when enacting section 614 of the Administrative Code. Id. at 157 (citing 1 Pa.c!S. § 1922(3); Harrington v. Commonwealth, Dep’t of Transp., 563 Pa. 565, 763 A.2d 386, 393 (2000)). In performing these balancing tests, the Treasurer need not in every instance do sci ab initio, as we see no impediment to his reliance, when appropriate, on legislative pronouncemeiits or prior decisions of this or other Pennsylvania courts. See, e.g., PSEA, 148 A.3d at 157-58 (finding that, on the facts and circumstances presented, the home addresses of public school teachers are not subject to government disclosure); Governor’s Office of Administration v. Purcell, 35 A.3d 811, 821 (Pa. Commw. 2011) (finding .that the disclosure of the month and date of birth violates the “personal security” exception under the RTKL); 23 Pa.C,S. § 6112 (providing for court orders, upon request, - to keep confidential the address, telephone number, and information about whereabouts of persons who have obtained protection from abuse order). We further note that in PSEA, we indicated that certain of the exceptions in section 67.708 of the RTKL reflect that the General Assembly has already performed the necessary PSEA balancing test. PSEA, 148 A.3d at 156 & n.8. The order of the Commonwealth Court dated March 18, 2016 denying the Treasurer’s motion for partial summary judgment and dismissing the Treasurer’s claim for injunctive relief is hereby vacated. The case is remanded to the Commonwealth Court for further proceedings consistent with this decision. Chief Justice Saylor and Justices Baer, Dougherty and Mundy join the opinion. Justice Wecht files a concurring opinion. Justice Todd did not participate in the decision of this case. , Section 3 provided in’full as follows: Any citizen of the Commonwealth of Pennsylvania shall have the right to take extracts or make copies of public records' and to make photographs or photostats of the same while such records are in the possession, custody and control of the lawful custodian thereof or his authorized deputy. The lawful custodian of such records shall have the right to adopt and enforce reasonable rules governing the making of such extracts, copies, photographs or photostats. 65 P.S. § 66.3 (repealed). . These include: Department of State, Office of Attorney General, Department of Corrections, Department of the Auditor General, Treasury Department, Department of Education, Department of Military Affairs, Insur-anee Department, Department of Banking, Department of Agriculture, Department of Transportation, Department of Health, Department of Drug and Alcohol Programs, Department of Labor and Industry, Department of Aging, Department of Public Welfare, Department of General Services, Department of Revenue, Department of Community and Economic Development, Department of Environmental Protection and Department of Conservation and Natural Resources; and by the following independent administrative boards and commissions: Pennsylvania Game Commission, Pennsylvania Fish and Boat Commission, State' Civil Service Commission, Pennsylvania Public Utility Commission and the Pennsylvania Securities Commission; 71 P.S. § 61. , Section 603 provided in full as follows: Section 603. — List of Employes to Be Furnished to Certain State Officers, — All administrative departments, boards, and commissions shall, on the fifteenth day of June of each year, transmit to the Auditor General, the State Treasurer, and the Budget Secretary a complete list, as of June first preceding, of the names of all persons, except day-laborers, entitled to receive compensation from the Commonwealth for services rendered in or to the department, board, or commission, as the case may be. Such list shall show the position occupied by such person, 'the salary at which or other basis upon which such person is entitled to be paid, the date when,such person entered the service of the Commonwealth, whether such person has been continuously employed by the Commonwealth since that date, and all periods of service and positions held as an employe of the Commonwealth, or such part of such information as the Governor may prescribe. Each month thereafter, the heads of the several administrative departments, and the several independent boards and commissions, shall certify to the Auditor General, the State Treasurer, and the Budget Secretary any changes in the annual list of employes last transmitted to them which shall have occurred during the preceding month, The information received by the Auditor General, the State Treasurer, and the Budget Secretary, under this section, shall be public information, 71 P.S. 223 (repealed). . Section 3 of the RTKA provided in full as follows: Any citizen of the Commonwealth of Pennsylvania shall have the. right to take extracts or make copies of public records and to make photographs - or photostats of the same while such records are in the possession, custody and control of the lawful custodian thereof or his authorized deputy. 65 P.S. § 66.3 (repealed). . The 2002 amendment also added a requirement that the List disclose each employees’ county of residence. 71 P.S. § 234(a). . The definition of “public record,” including its four exceptions, was not modified. 65 P.S. § 66.1 (repealed). . Robert McCord resigned his .office on January 30, 2015, Timothy A. Reese became State Treasurer on June 26, 2015, Under Pennsylvania Rule of Appellate Procedure 502(c), when a public officer named in an appeal ceases to - hold office, "his successor is automatically substituted as a party.” Pa.R.A.P, 502(c). . 72 P.S. §§ 4464.1-4464.6, as amended. The PennWATCH Act directs the Governor’s Office of Administration ("GOA”) to develop, implerñent ánd maintain a single, searchable, public Internet website to be called Penn-WATCH. The website shall include, among other government expenditure information, the name, position title, current annual salary and amount of total compensation for each individual employed by each Commonwealth' agency. 72 P.S. § 4643(e). The PennWATCH Act -provides that records not subject to disclosure under the RTKL "shall not be included on the website,” 72 P.S. § 4664.3(g)(3), .The Treasurer conceded'that in practice, the contents of'the List and the manner in -which it is provided to the Treasurer materially differ from the Administrative Code directives. Instead, the employee information is provided to the State' Officers in two electronic text files, which no longer includes all of the categories of information identified in Section 614. Amended Complaint in Nature of Action for Declaratory and Injunctive - Relief, 3/11/2014, ¶¶ 19-21, . Specifically, the American ■ Federation Of State, County And Municipal Employees, Council 13, AFL-CIO; The Federation Of State, Cultural And Educational Professionals, Local 2382; American Federation Of Teachers Pennsylvania, AFL-CIO; and the United Food and Commercial Workers, Local 1776, AFL-CIO. . In Heltzel, the Commonwealth Court examined Sections 306 and 3101.1 of the RTKL, noting the distinction between other statutes that explicitly identify the "public nature" of a record, and statutes that spell out the manner in which a public record.may be "accessed.” Heltzel, 90 A.3d at 831. The court indicated that "other statutes that provide other avenues, and set other parameters for access to records ... operate independently of the RTKL. Pursuant to Section 3101.1 of the RTKL, their procedural hurdles, and exceptions, remain intact and enforceable.” Id. at 833. . Management Directive 505.18 redefined "Public Employee Information,” as that term is used in Section 614, as consisting of "employee, agency; last name; first name; organization name; job (class) code; job (class) name; headquarter agency address; headquarter agency telephone number; work email; bargaining unit; birth year; biweeldy salary; hourly rate; per diem rate; pay schedule; pay level; pay scale group; and years of service.” Management Directive No. 505.18, 7/26/2010 (amended on 5/29/2012), at ¶ 4(g) at 3. Management Directive 505.18 further provided that requests for access and release of employee information’ under section 614 of the Administrative Code "are subject to the same provisions as requests for employee information under the RTKL.” Id., ¶ 5(b)(3) at 5. . The court further concluded that PFUR’s counterclaim against the Treasurer and third party action against the GOA must continue because there were issues of fact as to whether the Treasurer’s current version of the List complies with section 614. PFUR’s counterclaim and third party complaint remain pending before the Commonwealth Court at 87 MD 2014. . This Court issued its decision in PSEA on October 18, 2016, well after the Commonwealth Court's decision in these consolidated cases. Accordingly, in our order granting the petition for review filed by the Treasurer and the Unions, we directed the filing of supplemental briefs addressing the impact of PSEA on the issues raised by the parties hereto. . PFUR also argues that the portion of the Commonwealth Court's order that dismissed the Treasurer’s claim for injunctive relief is not appealable. PFUR's Brief at 11. On this issue, PFUR is mistaken, Pennsylvania Rule of Appellate Procedure 311(a)(4) explicitly provides that an appeal as of right may be taken from an order "that grants or denies, modifies or refuses to modify, continues or refuses to continue, or dissolves or refuses to dissolve an injunction” unless the order was entered pursuant to either sections 3323(f) or 3505(a) of the Divorce Code or after a trial but before entry of the final order. Pa.R.A.P. 311(a)(4). As neither of these exceptions apply here, this appeal is properly before us, PFUR points to a footnote in. a 2004 Commonwealth Court case in support of its position, PFUR’s Brief at 11-12 (quoting West Pittsburgh Partnership v. McNeilly, 840 A.2d 498, 504 n.9 (Pa. Commw. 2004)). This footnote recognizes Pa.R.A.P. 311(a)(4), but states that even under that rule, a decree nisi denying a permanent injunction is not immediately appealable unless. certain conditions are met. McNeilly, 840 A.2d at 504 n.9. PFUR then sets about trying to establish that these conditions are not met in the present appeal. PFUR’s Brief at 12. PFUR is missing the fact that in 2009, Pa.R.A.P. 311(a)(4) was amended, removing the reference to decrees nisi and nullifying the distinction it attempts to make. See Pa.R.A.P. 311(a)(4), Note. The exceptions to the immediate appealability of an order denying an injunction are contained in Pa. R.A.P. 311(a)(4), .and neither of them applies here. . Responsive to Judge Wecht’s concurrence, we do not hold that the repeal of a regulation’s authorizing statute automatically results in the loss of the regulation's force and effect. Concurring Op. (Wecht, J.) at 1160-61. As Justice Wecht properly suggests, this Court could, in an appropriate case, decide that a regulation retains its continuing vitality if the General Assembly, upon repeal of its authorizing statute, replaces that authorizing statute with a similar statute. Id, at 1160-62 n.2. That issue is not, however, presently before this Court. As recited above, Regulation 7.201 had two authorizing statutes, Section 603 of the Administrative Code, 71 P.S. 223 (repealed), and Section 3 of the RTKA, 65 P.S. § 66.3 (repealed). With respect to Section 603, upon its repeal the General Assembly replaced it with a similar statute, namely Section 614 of the Administrative Code, 71 P.S. § 234. With respect to the repeal of Section 3 of the pre-2002 RTKA, however, the General Assembly did not replace it with a similar statute. To the contrary, as explained in detail hereinabove, the access provisions in the post-2002 RTKA and the RTKL are fundamentally inconsistent with those in section 3 of the pre-2002 RTKA, which they replaced. As explained, it is this fundamental inconsistency that results in Regulation 7.201 ’s loss of any continuing statutory authority. . The pre-2002 RTKA made no reference to "requesters,” and instead consistently indicated that public records were available to "any citizen of the Commonwealth of Pennsylvania.” See, e.g., 65 P.S. § 66.3 (repealed). . 65 P.S. § 67.702.("Agencies may fulfill verbal, written or anonymous verbal or written requests for access to records under this act. If the requester wishes to pursue the relief and remedies provided for in this act, the request for access to records must be a written request.”). .Section 67.706 of the RTKL provides as follows: If an agency determines that a public record, legislative record or financial record contains ■ information which is subject to access as well as information which is not subject to access, the .agency’s response shall grant access to the information which is subject to access and deny access to the information which is not subject to access. If the information which is not subject to access is an integral part of the public record, legislative record or financial record and cannot be separated, the agency shall redact from the record the information which is not subject to access, and the response shall grant access to the information which is subject to access. The agency. may not deny access to the record if the information which is not subject to access is able to be redacted, information which an agency redacts in accordance with this subsection shall be deemed a denial under Chapter 9, 65 P.S, § 67.706. ,We must, of course, answer this question based upon the statutory language of section 614 of the Administrative Code and the RTICL, The Treasurer, however, correctly notes that the current will of the General Assembly is perhaps best expressed in the PennWATCH Act, 72 P.S. §§ 4664.1-4664.6, which was enacted in 2011. The PennWATCH Act requires that information related to the name of each person employed by a Commonwealth agency, the position occupied, the agency at which the person is employed, total compensation to which the person is entitled, annual salary, and the total employee comple- ■ ment of the agency is to be made available on an internet site for public search and aggregation. See 72 P.S. § 4664.3. The only items identified in section 614 that are not required to be listed on the PennWATCH website are counties of residence, birth dates, and the date of entry into service. The PennWATCH Act specifically exempts from publication "[rjecords not subject to disclosure under the Right-to-Know Law.” 72 P.S. § 4664.3(g). As such, the General Assembly has indicated its clear preference for application of the exemptions from disclosure set forth in the RTKL, 65 P.S. § 67.708, before personal and potentially private information about Commonwealth employees is released to the public. . By implication, the General Assembly reaffirmed its intention to treat ‘the information on the List as public when, in 2002’, it amended section 614(c) to specify that one specific type of information (voting residence) shall not be treated as public information. . The List qualifies as a "record” under the RTKL: "Record." Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency, The term includes a document, paper, letter, map, book, tape, photograph, film or sound recording,: information stored or maintained electronically and a data-processed or image-processed document. 65 P.S, § 67.102,