J-A15040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LATISHA REED AND NADEEM PIERRE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : : | |
| v. | : : | |
| | : | No. 3129 EDA 2018 |
| BAYADA HOME HEALTH CARE, INC., | : : | |
| Appellant | | |

Appeal from the Order Dated September 26, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  00491 August Term, 2016

BEFORE:   BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED JUNE 07, 2019**

Appellant, Bayada Home Health Care, Inc., appeals from the order of September 26, 2018, granting the motion to compel discovery of Appellees, Latisha Reed and Nadeem Pierre, individually and on behalf of all others similarly situated, and overruling Appellant's objections to Appellees' first set of requests for production of documents.  We quash this appeal.

The procedural history underlying this appeal is as follows.  On August 3, 2016, Appellees commenced this action by filing a class action suit, alleging violation of Pennsylvania wage and hour statutes on behalf of themselves and similarly situated nurses who constituted the suit's potential class members.  On September 15, 2016, Appellees issued their first set of requests for production of documents ("First RFP") to Appellant, requesting

_____

* Retired Senior Judge assigned to the Superior Court.

contact information and wage and hour data for all potential class members in Pennsylvania. After Appellant failed to respond, on February 24, 2017, Appellees filed a motion to compel discovery.

On March 17, 2017, the parties filed an "Unopposed/Joint Motion for Protective Order" with a Stipulated Confidentiality Agreement attached as Exhibit "A." According to the Stipulated Confidentiality Agreement:

> Information designated "Confidential," including any copies, notes, abstracts, or summaries thereof, shall be maintained in confidence by the person to whom such materials are produced or disclosed, and **shall not be disclosed to any third person** except as follows: (a) any court and its staff; (b) any court reporter who records any deposition or other testimony in this case; (c) any counsel for the Parties and the employees of counsel who have responsibility for this action, including corporate counsel of any party; (d) any employee of Bayada who is required in good faith to provide assistance in the conduct of this litigation, including Bayada's former employees, Ms. Reed or Ms. Pierre, or Plaintiffs; (f) witnesses at depositions to whom disclosure is reasonably necessary; (g) experts or consultants; (h) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, class notification services, or the creation of any computer database from documents; (i) the author or recipient of the document; and (j) any other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

Unopposed/Joint Motion for Protective Order, 3/17/2017, Ex. "A," Stipulated Confidentiality Agreement, 3/8/2017, at ¶ 7 (emphasis added). In the *ad damnum* clause of the Unopposed/Joint Motion for Protective Order, "the Parties move[d] this [trial] Court to enter the accompanying Order" making

the Stipulated Confidentiality Agreement an order of court. ***Id.***, *ad damnum* clause. However, no executed order appears in the certified record.

On April 20, 2017, Appellant informed Appellees that it would be willing to produce the wage and hour data from **one** of its 116 Pennsylvania offices. On May 16, 2017, in a letter to Appellant's counsel, Appellees offered to limit their discovery request to wage and hour data from 10 to 20 of Appellant's offices in Pennsylvania from August 3, 2013, until the present. Letter from James C. Shah, Esquire, of Shepard, Finkelman, Miller & Shah, LLP, to Thomas G. Collins, Esquire, of Buchanan Ingersoll & Rooney, P.C. (May 16, 2017) at 1, *attached to* Defendant's Memorandum of Law in Opposition to Plaintiffs' Latest Request for Class-wide Merits Discovery filed June 12, 2017, *as* Exhibit "E." Appellant rejected Appellees' offer.

Following a status conference on May 31, 2017, the trial court ordered parties to file briefs on the outstanding motion to compel discovery. On June 12, 2017, Appellant filed its brief. The next day, Appellees filed a second motion to compel. After Appellant filed its response to the second motion to compel and Appellees filed their reply memorandum of law, Appellees wrote a letter to the trial court – which was copied to Appellant's counsel – asserting "that they would limit their requests [to] the names, addresses, emails and phone numbers for the class members." Letter from Michael D. Shaffer, Esquire, of Shaffer & Gaier, to the Honorable Nina Wright Padilla (December 19, 2017) at 1, *attached to* Defendant's Brief in Opposition to Plaintiffs' Motion to Overrule Improper Objections to

Discovery and Compel Answers and Document Production pursuant to the Court's February 6, 2018 Orders,[1] filed March 26, 2018, *as* Exhibit "E."

On September 26, 2018, the trial court entered an order granting Appellees' motion to compel discovery and overruled Appellant's objections to Appellees' First RFP ("September 26th Order"). The September 26th Order stated: "[Appellant] must produce the names, addresses, phone numbers and email addresses of the Class members in Pennsylvania within 20 days of the date of the docketing of this Order." Appellant was not ordered to produce personnel files, wage and hour data, or anything beyond the potential class members' contact information.

Appellant did not seek clarification from the trial court as to whether the September 26th Order compelled production of complete personnel files and/or wage and hour data of every potential class member nor did it move for reconsideration of the order. On October 16, 2018, Appellant filed this appeal.[2]

---

[1] The orders dated February 6, 2018, granted a different motion to compel document production than the one at issue in the instant appeal and a motion to compel Appellant to produce corporate designees for deposition. Even though the letter from Attorney Shaffer to the trial court was attached as an exhibit to an unrelated pleading, it was still made part of the certified record and is available for our review.

[2] Appellant filed its statement of errors complained of on appeal on November 30, 2018.

On December 27, 2018, Appellees moved to quash the appeal. On February 8, 2019, this Court denied the motion without prejudice to Appellees to raise the issue again in their appellate brief, which they did.

On January 29, 2019, the trial court issued a responsive opinion recommending that this Court quash Appellant's interlocutory appeal and reiterating that its September 26th Order "ordered Appellant to produce the names, addresses, phone numbers, and email addresses of the class members in Pennsylvania within 20 days." Trial Court Opinion, filed January 29, 2019, at 1.

Preliminarily, we must determine whether this appeal is properly before us. The threshold question in this case is whether this Court possesses appellate jurisdiction over the order from which Appellant seeks review.

> The appealability of an order directly implicates the jurisdiction of the court asked to review the order. This Court has the power to inquire at any time, *sua sponte*, whether an order is appealable. Pennsylvania law makes clear:
>
>> An appeal may be taken from: (1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313).

***Commonwealth v. Tchirkow***, 160 A.3d 798, 803 (Pa. Super. 2017) (internal brackets and quotation marks and some citations omitted).

Appellant contends that the September 26th Order is appealable only as a collateral order pursuant to Pa.R.A.P. 313. Appellant's Brief at 67-77.

Rule 313 of our Rules of Appellate Procedure, promulgated in 1992, solidified and codified the appealability of collateral orders. The rule provides:

**(a) General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

**(b) Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

The collateral order doctrine is to be construed narrowly to preserve the integrity of the general rule that only final orders may be appealed; thus, the requirements for a collateral order are applied relatively stringently.

Generally, discovery orders are deemed interlocutory and not immediately appealable, because they do not dispose of the litigation. . . . We must review the trial court's decision on an issue-by-issue basis and every one of the Rule's three prongs must be satisfied before collateral appellate review is permitted.

*McIlmail v. Archdiocese of Philadelphia*, 189 A.3d 1100, 1104-05 (Pa. Super. 2018) (citations and internal brackets and quotation marks omitted).

To satisfy the first prong, for an order to be "separable from and collateral to the main cause of action[,]" it must be able to "be addressed without an analysis of the merits of the underlying cause of action." *Id.* The ultimate issue in this case is whether Appellant failed to pay its nurses for all work they purportedly performed in violation of Pennsylvania wage and hour statutes. This claim need not be resolved in order to determine

whether Appellant should provide the contact information of all potential class members in Pennsylvania.[3]  Accordingly, this first prong is fulfilled.

In order to satisfy the "importance" prong, the order at issue must "involve rights deeply rooted in public policy going beyond the particular litigation at hand."  *Id.* at 1105.

Appellant argues that "the information sought by [Appellees] is private information that is both confidential and proprietary in nature, and implicates informational privacy rights and privacy concerns."  Appellant's

_____

[3] Throughout its brief, Appellant alleges that the September 26th Order requires it to provide full personnel files for over 6,000 employees.  We find this assertion disingenuous.  Appellees informed the trial court that they "would limit their requests [to] the names, addresses, emails and phone numbers for the class members[,]" and the trial court unambiguously stated in both the September 26th Order itself and in its Pa.R.A.P. 1925(a) opinion that Appellant need only "produce the names, addresses, phone numbers and email addresses of the Class members in Pennsylvania[.]"  Letter from Michael D. Shaffer, Esquire, of Shaffer & Gaier, to the Honorable Nina Wright Padilla (December 19, 2017) at 1, *attached to* Defendant's Brief in Opposition to Plaintiffs' Motion to Overrule Improper Objections to Discovery and Compel Answers and Document Production pursuant to the Court's February 6, 2018 Orders, filed March 26, 2018, *as* Exhibit "E"; September 26th Order; Trial Court Opinion, filed January 29, 2019, at 1.  If Appellant was still confused as to the nature of the request, it could have sought clarification from the trial court as to whether the September 26th Order compelled production of complete personnel files of every potential class member, but it chose not to do so.  It also did not file a motion for reconsideration of the September 26th Order, in which it could have requested that the trial court provide greater specificity as to what information and documents were or were not within the scope of the order.  We thus find nothing within the record to support Appellant's specious theory that the September 26th Order required it to produce anything beyond potential Pennsylvanian class members' contact information.

Brief at 72.[4]  Although Appellant repeatedly refers to "privileged material" or "privileged and confidential information," *id.* at 68, 73-75, Appellant never asserts any specific privilege.  *See generally id.*

We find no case law directly on point, involving a challenge to a discovery order for the personal information of third parties,[5] and Appellant provides us with none.  Nonetheless, the Supreme Court of Pennsylvania has

---

[4] In support of its position that privacy concerns implicate public policy, Appellant relies on a 2014 non-precedential, unpublished memorandum from this Court, ***Tierney v. Verizon Pennsylvania, Inc.***, 105 A.3d 804, No. 1675 EDA 2013 (Pa. Super. filed July 29, 2014).  Citation to unpublished memorandum decisions predating May 1, 2019, is a violation of our internal operating procedures.  I.O.P. 65.37.

[5] Admittedly, ***Red Vision Systems, Inc. v. National Real Estate Information Services, L.P.***, 108 A.3d 54, 58-59 (Pa. Super. 2015), involved a discovery order for the personal information of third parties; nevertheless, this Court decided the privacy issue as it relates to the "importance" prong of the collateral order test based upon the appellant offering "virtually no description" of the alleged confidential and sensitive information.

> [W]e [we]re left to guess precisely what "confidential, sensitive and non-public personal information" is contained in these documents.  Without any indication of what type of information is contained in the documents, we are unable to determine that [appellant] is seeking review of an important issue rooted in Pennsylvania public policy.

*Id.* at 59 (citation to the record omitted).  This Court found that it could not rule on whether the privacy interest raised to the level of the importance prong of the collateral order test without this information.  Since the burden was on the appellant, this Court concluded that the collateral order test was not satisfied, and it granted plaintiffs' motion to quash the appeal on that issue.  *Id.* at 60.  Since, in the current action, we know that Appellees are seeking the contact information of Appellant's nurse-employees, ***Red Vision*** is not directly on point.

held, that "the mere assertion of a privacy interest related to discovery" does not "implicate as-of-right interlocutory appellate review." *Dougherty v. Heller*, 138 A.3d 611, 628 (Pa. 2016).[6] The Pennsylvania Supreme Court has "ma[d]e the distinction among different orders of privacy interests, such as those of a constitutional magnitude or recognized as such by statute, as compared with lesser interests." *Id.* at 628-29. For instance, a privacy interest of a constitutional magnitude has included the "important *constitutional* privacy rights of [a] child victim[.]" *Id.* at 629 n.10 (emphasis in original) (quoting *Commonwealth v. Alston*, 864 A.2d 539, 545 (Pa. Super. 2004) (*en banc*)). For an example of a "privacy interest" recognized by statute, our Supreme Court found that a discovery order for production of copies of a party's tax returns was an "order giv[ing] rise to [an] as-of-right appeal[] at the pretrial stage[.]" *Id.* at 628-29 & n.10 (citing *Cooper v. Schoffstall*, 905 A.2d 482, 485 (Pa. 2006)). A "generalized claim" about privacy "is insufficient to raise the type of issue which is 'too important to be denied review' under the collateral order doctrine." *Id.* at 631. In the current action, Appellant does not contend

_____

[6] The appellant's "position" in *Dougherty* "was premised on the claim that [the a]ppellant had a right to pursue interlocutory appellate review under the collateral order doctrine. *See* Pa.R.A.P. 313(a) ("An appeal may be taken *as of right* from a collateral order of an administrative agency or lower court." (emphasis added))[.]" 138 A.3d at 616.

that either a constitutional right or a statutory privacy interest are involved in the discovery order at issue.  Appellant's Brief at 67-77.

Appellant also does not rely upon ***Pennsylvania State Education Association v. Commonwealth, Department of Community and Economic Development***, 148 A.3d 142 (Pa. 2016) [hereinafter **PSEA**], in its argument that the September 26th Order constitutes a collateral order appealable as of right pursuant to Pa.R.A.P. 313.  ***See*** Appellant's Brief at 67-77.  In fact, Appellant's reply brief explicitly states:  "To be clear, [Appellant] does not cite [**PSEA**] as it pertains to Pennsylvania's jurisprudence on the collateral order doctrine."  Appellant's Reply Brief at 19.  Additionally, we find no case law that relies upon **PSEA** to support a finding that a discovery order is a collateral order under Pa.R.A.P. 313.  Appellant does, however, cite to **PSEA** in a different section of its brief to support its argument that "ordering the disclosure of names, addresses, phone numbers and email addresses of non-parties violates their right to informational privacy."  Appellant's Brief at 50-52.

To the extent that this privacy argument pursuant to **PSEA** can be extrapolated to Appellant's argument that the September 26th Order qualifies as a collateral order, we find that Appellant misconstrues **PSEA**.  That case concerned the disclosure of personal information pursuant to a public request under the Right to Know Law ("RTKL"), 65 P.S. §§ 67.101-67.3104, and the Supreme Court of Pennsylvania held that there is a "constitutional right to privacy in one's home address **in connection with**

**RTKL requests**.” **PSEA**, 148 A.3d at 144, 155 (citing **Pennsylvania State University v. State Employees' Retirement Board**, 935 A.2d 530, 539 (Pa. 2007) (right-to-know request)) (“personal information implicated by rights to informational privacy, like home addresses or telephone numbers”), 156-58 (emphasis added) (citing **Tribune-Review Publishing Co. v. Bodack**, 961 A.2d 110, 115-16 (Pa. 2008) (right-to-know request)) (“public school employees have strong privacy interests in protecting their home addresses from disclosure, in response to broad and generic requests based upon no criteria other than their occupation”).  The current action does not involve a RTKL request, public employees, or a “broad and generic request[.]”  **Id.** at 158.  Additionally, in **Reese v. Pennsylvanians for Union Reform**, 173 A.3d 1143, 1159 (Pa. 2017), the Pennsylvania Supreme Court reiterated that **PSEA** related to Commonwealth employees' right to informational privacy in his or her home address and what steps the government must take before it may release personal information pursuant to a RTKL request.

The current appeal concerns employees of a private corporation, not individuals employed by the Commonwealth or other public entity.  Furthermore, the Stipulated Confidentiality Agreement in the current case precludes the contact information of class members from being shared with the general public or accessed by a member of the public at any time, unlike the statutorily-sanctioned disclosure at issue in **PSEA**.  In conclusion, **PSEA**

- 11 -

does not permit Appellant's assertions of a privacy interest to satisfy the "importance" prong of the collateral appeal doctrine.

In addition to orders involving privacy interests of a constitutional magnitude, orders that deny a claim of privilege -- such as the attorney-client privilege, the doctor-patient privilege, or the work product doctrine -- and would result in the disclosure of the claimed privileged information usually will be deemed appealable as collateral orders pursuant to Pa.R.A.P. 313. **Commonwealth v. Williams**, 86 A.3d 771, 780 (Pa. 2014) (attorney-client privilege and work product doctrine); **Ben v. Schwartz**, 729 A.2d 547, 549 (Pa. 1999) (doctor-patient privilege); **McIlmail**, 189 A.3d at 1105 (attorney-client privilege and work product doctrine); **Bousamra v. Excela Health**, 167 A.3d 728, 734 (Pa. Super. 2017) (same), *appeal granted*, 179 A.3d 1079 (Pa. 2018). An appellant must establish a specific privilege; the collateral order test is not satisfied where only generalized, speculative concerns about possible privilege are asserted. **Gunn v. Automobile Insurance Co. of Hartford, Connecticut**, 971 A.2d 505, 512 (Pa. Super. 2009) ("speculative concerns do not rise to the level of a right too important to be denied immediate appellate review").

As noted above, despite repeatedly using the adjective "privileged" to describe the requested materials, Appellant's Brief at 68, 73-75, Appellant never invoked a specific, named privilege. **See generally id.** Such vague, generalized concerns about privilege do not satisfy the "importance" prong. **Gunn**, 971 A.2d at 512.

To summarize, Appellant failed to assert a constitutional or statutory privacy interest or a specific privilege. *See Dougherty*, 138 A.3d at 628-29; *Williams*, 86 A.3d at 780; *Ben*, 729 A.2d at 549 *Bousamra*, 167 A.3d at 734; *Gunn,* 971 A.2d at 512. Its generalized concerns about privacy and privilege are inadequate to satisfy the requirement of Pa.R.A.P. 313(b) that "the right involved is too important to be denied review[.]" *See McIlmail*, 189 A.3d at 1104-05; *Gunn*, 971 A.2d at 512. Consequently, Appellant has failed to satisfy the second prong of the test for the appealability of collateral orders as it relates to the September 26th Order. *See* Pa.R.A.P. 313(b); *McIlmail*, 189 A.3d at 1104-05. Since one prong fails, the entire test fails, and collateral appellate review cannot be allowed. *See McIlmail*, 189 A.3d at 1105 ("every one of the Rule's three prongs must be satisfied before collateral appellate review is permitted").[7]

Accordingly, we quash the appeal. The September 26th Order thus stands, and Appellant must provide discovery of all personal contact information for all current and former employees who could constitute the class members in Pennsylvania within 20 days of the date of this memorandum. By a plain reading of the September 26th Order, Appellant is not required to provide personnel files to Appellees at this time. To the extent that any of the information provided is actually confidential as

---

[7] We therefore do not need to address Pa.R.A.P. 313(b)'s remaining prong.

Appellant has alleged, Appellant may mark it as such, and it will be protected pursuant to the Stipulated Confidentiality Agreement; we hence advise the trial court to execute the order[8] attached to the Unopposed/Joint Motion for Protective Order and may add any additional language thereto that it deems necessary to preclude Appellees' counsel from releasing any of the contact information provided by Appellant to any third parties.[9] The trial court shall order any additional relief or clarification that it deems fit.[10]

Appeal quashed. Oral argument cancelled. Case remanded. Jurisdiction relinquished.

President Judge Emeritus Bender joins the memorandum.

President Judge Emeritus Gantman concurs in the result.

_____

[8] If the trial court has previously signed the requested protective order, the trial court should take all necessary steps to make it part of the certified record, as it does not currently appear therein.

[9] *See Red Vision*, 108 A.3d 54 (appellee had agreed to entry of protective order); *Gunn*, 971 A.2d at 512 (confidentiality could be protected by entry of protective order).

[10] We suggest that Appellant only filed this appeal from an unappealable order for purposes of delay; ergo, the trial court may fashion any remedy or sanction that it deems necessary, including ordering Appellant to pay Appellees' costs and counsel fees for this appeal pursuant to 42 Pa.C.S. § 2503(7) ("The following participants shall be entitled to a reasonable counsel fee as part of the taxable costs of the matter: . . . Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter."). *See also In re Barnes Foundation*, 74 A.3d 129, 135 (Pa. Super. 2013); *Scalia v. Erie Insurance Exchange*, 878 A.2d 114, 116 (Pa. Super. 2005).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>6/7/19</u>