# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Governor's Office
of Administration,
         :
         :
         :
     Petitioner  :
         :
    v.     : No. 103 C.D. 2017
         : Submitted: October 17, 2018
Simon Campbell,   :
         :
    Respondent : 


BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE RENÉE COHN JUBELIRER, Judge
      HONORABLE P. KEVIN BROBSON, Judge
      HONORABLE ANNE E. COVEY, Judge
      HONORABLE MICHAEL H. WOJCIK, Judge
      HONORABLE CHRISTINE FIZZANO CANNON, Judge
      HONORABLE ELLEN CEISLER, Judge


OPINION BY JUDGE WOJCIK       FILED: January 24, 2019


    The Governor's Office of Administration (OA) petitions for review from a final determination of the Office of Open Records (OOR) that granted in part and denied in part Simon Campbell's (Requester) request under the Right-to-Know Law (RTKL).[1]  OA argues that OOR erred by ordering OA to disclose Commonwealth employees' counties of residence without first performing a constitutional balancing test.  Upon performing a constitutional balancing test, as required by *Reese v. Pennsylvanians for Union Reform*, 173 A.3d 1143, 1159 (Pa. 2017), we reverse OOR's determination insofar as it held that Commonwealth

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

employees' counties of residence are subject to disclosure and affirm in all other respects.

On October 19, 2016, Requester submitted the following request to OA:

> For all Commonwealth employees whose names exist inside the computerized databases of OA: please extract from OA's computerized databases the full names of those Commonwealth employees, their position/job titles, their dates of birth, and their counties of residence and send this information to me in electronic format only. It will be helpful to me in terms of obtaining their home addresses.

Reproduced Record (R.R.) at 14a-15a. OA partially granted and partially denied the request. Specifically, OA directed Requester to the publicly accessible electronic database at www.pennwatch.pa.gov (PennWatch) where the Commonwealth posts information regarding the budget, spending, revenue and employees. Of the records requested, the names and job titles of Commonwealth employees, along with their salaries, compensation, and employing agency, subject to redactions permitted under Section 708(b) of the RTKL, 65 P.S. §67.708(b), are posted at PennWatch. R.R. at 18a. However, OA denied the request to the extent it sought employees' dates of birth and counties of residence.

Requester appealed to OOR challenging the denial and asserting the information requested is subject to public disclosure. OOR invited the parties to supplement the record and directed OA to notify any third parties of their ability to participate in this appeal. Both parties submitted position statements. OA submitted the affidavits of Erik Avakian, Chief Information Security Officer for the Commonwealth, regarding dates of birth, and Jason Thomas, Acting Director for the Human Resources Service Center for the Commonwealth (HR Director), regarding the counties of residence.

2

OOR considered the arguments and evidence presented, but did not perform a balancing test. On December 28, 2016, OOR issued its final determination granting the appeal in part and denying it in part. Specifically, OOR denied the appeal to the extent that the request sought the employees' dates of birth. However, OOR granted the appeal insofar as the request sought Commonwealth employees' counties of residence information. OOR directed OA to provide Requester with Commonwealth employees' counties of residence within 30 days of the date of the order.

OA then petitioned this Court for review.[2] OA also requested a stay of the proceedings pending the Supreme Court's disposition of *Reese*, which involved the identical issue presented here. We granted the stay. *See Governor's Office of Administration v. Campbell* (Pa. Cmwlth., No. 103 C.D. 2017, filed July 7, 2017). Following the Supreme Court's decision in *Reese*, this Court lifted the stay and directed OA to file a supplemental brief addressing *Reese*.[3] Commonwealth Court Order, 3/13/2018.

In this appeal, OA argues that OOR erred by not conducting a balancing test before directing the disclosure of personal information, including county of residence, based on *Reese*. We agree.

In *Reese*, the Pennsylvanians for Union Reform (PFUR) sought a list of all Commonwealth employees from the State Treasurer, including names, dates of birth and voting residences, compiled pursuant to Section 614 of the Administrative

---

[2] For appeals from determinations made by OOR involving Commonwealth agencies, our standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[3] Requester filed a petition of nonparticipation and did not file a brief in opposition.

3

Code of 1929 (Administrative Code),[4] without redaction. Section 614 of the Administrative Code explicitly makes an employee's county of residence, among other things, a public record. In response, the Treasurer filed a complaint against PFUR and its president (Requester herein), seeking declaratory and injunctive relief concerning the application of the RTKL and its exceptions to PFUR's request. Specifically, the Treasurer asked for a declaration that the RTKL's exceptions for public records are applicable to all requests for public records, including records identified as "public" pursuant to the Administrative Code. Further, the Treasurer asserted that the balancing test established in *Pennsylvania State Education Association v. Department of Community and Economic Development*, 148 A.3d 142 (Pa. 2016) (*PSEA*), should be applied prior to disclosure. After the pleadings closed, the Treasurer filed a motion for partial judgment on the pleadings. Upon determining that the list is accessible to Commonwealth citizens at the State Library without a written request or other limitation by the RTKL, this Court denied the Treasurer's partial motion and dismissed his claim for injunctive relief. *See Reese*, 173 A.3d at 1152-53.

However, on appeal, the Supreme Court vacated and remanded. In so doing, the Court examined the contours of *PSEA*, and ultimately reaffirmed the rights of public employees to informational privacy, as guaranteed by Article I, Section 1 of our Constitution.[5] *Reese*, 173 A.3d at 1159.

---

[4] Act of April 9, 1929, P.L. 177, added by Section 3 of the Act of September 27, 1978, P.L. 775, *as amended*, 71 P.S. §234.

[5] Article I, Section 1 states:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying

In *PSEA*, the Supreme Court described the "right to informational privacy" as "the right of the individual to control access to, or the dissemination of, personal information about himself or herself." 148 A.3d at 150.

> In *PSEA*, this Court examined Pennsylvania's constitutional protections for informational privacy and the scope of the "personal security" exception in section [] 708[(b)(1)(ii)] of the RTKL. 65 P.S. § 67.708(b)(1)(ii). Reviewing numerous prior decisions of both this Court and our intermediate appellate courts, we reaffirmed that the citizens of this Commonwealth, pursuant to Article I, Section 1 of the Pennsylvania Constitution, have a right to informational privacy, namely the right of an individual to control access to, and dissemination of, personal information about himself or herself. *PSEA*, 148 A.3d at 150. *Accordingly, we ruled that before the government may release personal information, it must first conduct a balancing test to determine whether the right of*

---

> and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. art. I, §1. With respect to the privacy rights guaranteed by Article I, Section 1, the Supreme Court has explained:

> One of the pursuits of happiness is privacy. The right of privacy is as much property of the individual as the land to which he holds title and the clothing he wears on his back. . . . .
>
> The greatest joy that can be experienced by mortal man is to feel himself master of his fate,—this in small as well as in big things. Of all the precious privileges and prerogatives in the crown of happiness which every American citizen has the right to wear, none shines with greater luster and imparts more innate satisfaction and soulful contentment to the wearer than the golden, diamond-studded right to be let alone. Everything else in comparison is dross and sawdust.

*Commonwealth v. Murray*, 223 A.2d 102, 109-110 (Pa. 1966).

5

> *informational privacy outweighs the public's interest in dissemination. Id.* at 144. In so ruling, we were clear that while this balancing test has typically been located in the "personal security" exemption of the [former Right-to-Know Act[6] (repealed)] (and later in the RTKL), *it is not a statutory, but rather a constitutional requirement, and it is required even in the absence of any statutory requirement. Id.* at 156. *As such, the PSEA balancing test is applicable to all government disclosures of personal information, including those not mandated by the RTKL or another statute.*

*Reese*, 173 A.3d at 1159 (emphasis added).

Thus, in *Reese*, the Supreme Court held that a Commonwealth employee's right of informational privacy in his or her home address is guaranteed by Article I, Section 1 of the Pennsylvania Constitution. *Reese*, 173 A.3d at 1159. This right may not be violated unless outweighed by a public interest favoring disclosure. *Id. PSEA* necessitates the balancing of personal privacy rights against the public interest in disclosure. *Id.* "Pennsylvania courts are obliged to construe statutory enactments as consistent with the Pennsylvania Constitution, and we must presume that the General Assembly did not intend to violate the Constitution when enacting Section 614 of the Administrative Code." *Id.*

Ultimately, in *Reese*, the Supreme Court remanded the matter to allow the Treasurer to perform the balancing test in the first instance. The Court instructed that, "[i]n performing these balancing tests, the Treasurer need not in every instance do so *ab initio*, as we see no impediment to his reliance, when appropriate, on legislative pronouncements or prior decisions of this or other Pennsylvania courts." *Id.*

---

[6] Act of June 21, 1957, P.L. 390, *as amended*, *formerly* 65 P.S. §§66.1-66.9, repealed by the Act of February 14, 2008, P.L. 6.

6

In this case, OA has already conducted the *PSEA* balancing test, *see* R.R. at 19a, and, as a result, declined to disclose Commonwealth employees' counties of residence in response to the request. When Requester appealed to OOR, OA submitted legal argument and an affidavit in support of its balancing test results and its ultimate determination not to disclose counties of residence under *PSEA*. In contrast, Requester did not advance any public interest in the records sought. *See* R.R. at 114a.

OOR determined, without the benefit of *Reese*, that county of residence is not the type of personal information protected by the constitutional right to informational privacy. OOR's Final Determination, 12/28/16, at 10. OOR granted Requester's RTKL request and directed the disclosure of Commonwealth employees' counties of residence without first conducting a constitutional balancing test to determine whether the right of informational privacy outweighs the public's interest in dissemination. In the process, OOR effectively held that OA erred in conducting the balancing test in the first place because the request did not implicate the constitutional right of informational privacy. In this regard, OOR erred.

Based on *PSEA* and *Reese*, county of residence information is protected by the constitutional right of informational privacy. As a result, the government unit must apply a balancing test before disclosing such information.[7] *Reese*, 173 A.3d at 1159. Likewise, a reviewing tribunal must do the same before ordering the disclosure of such information. *See Reese; PSEA*. Although we would ordinarily

---

[7] Once the constitutional right of informational privacy is triggered, we no longer review the matter under the RTKL. *See Reese*; *PSEA*. Rather, we review the matter under the Pennsylvania Constitution and the tests espoused in *PSEA* and *Reese*. *See Reese*; *PSEA*. If the right to privacy is outweighed by a public interest favoring disclosure, then and only then may the matter proceed under the RTKL.

7

remand to OOR to perform this balancing test,[8] given our plenary review, and in the interest of judicial economy, we shall perform the balancing test set forth in *PSEA*, rather than remand.[9]

As *PSEA* instructs, a balancing test weighs "privacy interests and the extent to which they may be invaded against the public benefit which would result from disclosure." 148 A.3d at 154-55 (citations omitted). In performing this test, we may rely upon, when appropriate, "legislative pronouncements or prior decisions" of Pennsylvania courts. *Reese*, 173 A.3d at 1159.

Here, OA presented evidence, in the form of an affidavit of HR Director. HR Director attested that where an employee lives is a unique piece of data, housed in the employee's confidential personnel file, the use of which is related exclusively to the Commonwealth's role as employer. R.R. at 75a. He stated that the Commonwealth uses employee address information only for the purpose of discerning the particular benefits to which an employee is entitled. R.R. at 75a. He explained that benefits packages, health benefits programs and personnel-related requirements differ from county to county. R.R. at 75a. In addition, information about other sub-units of government related to an employee's residence (e.g., municipality, township) are also saved in order to provide appropriate tax information to relevant taxing authorities. R.R. at 75a.

---

[8] OOR is fully capable of performing this balancing test. *See, e.g., Department of Human Services v. Pennsylvanians for Union Reform, Inc.*, 154 A.3d 431, 437 (Pa. Cmwlth. 2017) (remanding the matter to OOR to perform the balancing test required under *PSEA*); *State Employees' Retirement System v. Campbell*, 155 A.3d 1153, 1156 (Pa. Cmwlth. 2017) (same).

[9] *See Kramer v. Workers' Compensation Appeal Board (Rite Aid Corp.)*, 883 A.2d 518, 531 n.11 (Pa. 2005) (recognizing court's authority to decide issue rather than remand).

According to HR Director, Commonwealth human resource professionals consider demographic information about an employee to be confidential. R.R. at 76a. Moreover, the confidential nature of demographic information is a well-accepted best practice in the human resource industry. R.R. at 76a. It is memorialized as a Commonwealth policy in Management Directive 505.18, *Maintenance, Access, and Release of Employee Information*,[10] which indicates that access to confidential employee information is restricted to those who need to use the information for job-related purposes, the employee or persons explicitly permitted by the employee. R.R. at 76a.

HR Director opined that Commonwealth employees have a reasonable expectation that their counties of residence will be kept private when such information is in the hands of the Commonwealth acting as their employer. R.R. at 76a. The expectation is that only those who have a legitimate need, or those explicitly authorized by an employee, will access the employee's records.

---

[10] Specifically, the policy provides:

> Public Employee information. Public employee information pertaining to most commonwealth employees for the purpose of this directive consists of employing agency; last name; first name; organization name; job (class) code; job (class) name; headquarter agency address, headquarter agency telephone number; bargaining unit; biweekly salary; hourly rate; per diem rate; pay schedule; pay level; pay scale group; and years of service.

R.R. at 76a (quoting Management Directive 505.18). The directive is also available to the public on OA's portal at: https://www.oa.pa.gov/Policies/md/Documents/505_18.pdf (last visited on January 10, 2019).

In addition, the act known as the Inspection of Employment Records Law[11] supports the ethos of confidentiality protecting employment records by creating an expectation that only those who have a legitimate need, or those explicitly authorized by an employee, will access the employee's records. Further, Section 731 of The Fiscal Code[12] treats information collected for tax purposes as confidential, for official use only.

Conversely, Requester provided no countervailing public interest in support of disclosure. In fact, Requester refused to advance any public interest in support of his Request: "There is a public interest in the records sought but I refuse to argue it." R.R. at 114a. Requester stated that his private goal was to make it easier to find the constitutionally protected home addresses of all Commonwealth employees. R.R. at 114a.

On balance, we perceive no public benefit or interest in disclosing the requested counties of residence of Commonwealth employees and Requester has asserted none. The RTKL was "designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions . . . ." *Governor's Office of Administration v. Purcell*, 35 A.3d 811, 820 (Pa. Cmwlth. 2011). The requested disclosure of information about the counties of residence of Commonwealth employees is not closely related to the official duties of the Commonwealth employees, and does not provide insight into their official actions. Indeed, "[t]he disclosure of personal information such as home addresses, reveals little, if anything

---

[11] Act of November 26, 1978, P.L. 1212, *as amended*, 43 P.S. §§1321-1324.

[12] Act of April 9, 1929, P.L. 343, added by the Act of June 6, 1939, *as amended*, 72 P.S. §731.

10

about the workings of government[.]" *PSEA*, 148 A.3d at 145 (quoting *Pennsylvania State Education Association ex rel. Wilson v. Department of Community and Economic Development, Office of Open Records*, 981 A.2d 383, 386 (Pa. Cmwlth. 2009), *aff'd*, 2 A.3d 558 (Pa. 2010)).

In rejecting a similar request for the home addresses of public school employees, our Supreme Court stated:

> [N]othing in the RTKL suggests that it was ever intended to be used as a tool to procure personal information about private citizens or, in the worst sense, to be a generator of mailing lists. Public agencies are not clearinghouses of "bulk" personal information otherwise protected by constitutional privacy rights.

*PSEA*, 148 A.3d at 158.

For these reasons, we conclude that the requested Commonwealth employees' counties of residence information is protected by the constitutional right of informational privacy and this right is not outweighed by the public's interest in dissemination in this case. Consequently, OOR erred in ordering the disclosure of Commonwealth employees' counties of residence under the RTKL. Therefore, we reverse that portion of OOR's final determination, and affirm in all other respects.

_____
MICHAEL H. WOJCIK, Judge

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Governor's Office                :
of Administration,           :
                              :
           Petitioner   :
                              :
        v.           :  No. 103 C.D. 2017
                              :
Simon Campbell,         :
                              :
           Respondent :

# **O R D E R**

AND NOW, this 24th day of January, 2019, we REVERSE IN PART the Office of Open Records' final determination, dated December 28, 2016, insofar as it held that a Commonwealth employee's county of residence is subject to disclosure and AFFIRM IN ALL OTHER RESPECTS.

_____
MICHAEL H. WOJCIK, Judge